**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Gayle S. Barry,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Michael J. Astrue, Commissioner of Social Security Administration,<br><br>　　　　Defendant. | No. CV-09-01677-PHX-NVW<br><br>**ORDER** |

　　　　Before the Court is Plaintiff's attorney's Application for Award of Attorneys' Fees Under the Equal Access to Justice Act. (Doc. 34.) Plaintiff's attorney refers to himself as "Petitioner" in his briefs and the Court will do the same. The Commissioner does not oppose an award of attorney's fees, but the Commissioner does oppose Petitioner's request for an enhanced fee. The Court will award attorney's fees, but the Court will not award an enhanced fee.

　　　　The Equal Access to Justice Act (EAJA) awards attorneys fees to a prevailing litigant if the Government's position was not substantially justified. 28 U.S.C. § 2412(d)(1)(A). The Commissioner has chosen not to advance a substantial justification argument here. The Court will therefore award fees.

　　　　The EAJA dictates that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as

1   the limited availability of qualified attorneys for the proceedings involved, justifies a higher
2   fee."  28 U.S.C. § 2412(d)(2)(A).  The Ninth Circuit has since made cost-of-living
3   adjustments to the $125 base rate, which now stands at $172.24/hour for work done in 2009,
4   and $174.64/hour for work done in 2010.[1]  But "a special factor" is still required before the
5   Court may award fees at a higher hourly rate.

6   In the Social Security context, the Ninth Circuit's decision in *Pirus v. Bowen*, 869
7   F.2d 536 (9th Cir. 1989), clarifies when "a special factor" is present.  *Pirus* affirmed an
8   enhanced fee award because it was "no routine disability case," and the plaintiff's attorney
9   possessed the "special expertise" needed to litigate the case as a class action involving "a
10  highly complex area of the Social Security Act."  *Id.* at 542.

11  This case, by contrast, was "routine," involving typical arguments about the ALJ's
12  credibility determinations, residual functional capacity assessment, and so forth.  Therefore,
13  no special factors exist to justify enhanced fees.

14  Petitioner argues that he deserves enhanced fees because he litigates more efficiently
15  than most Social Security lawyers.  He claims to have completed this case in 28.75 hours of
16  work.  The Court agrees that 28.75 hours is less time than the 30–40 hours this Court
17  typically sees in disability-related EAJA applications.  But Petitioner's's itemized statement
18  of services adds up to 34.75 hours, not 28.75.  (*See* Doc. 34 at 10–12 (showing 4.45 hours
19  in 2009 and 30.3 in 2010, but added up to a "total" of 28.75).)  Perhaps Petitioner intended
20  to write off four hours, but in any event, given the routine nature of this particular appeal, the
21  Court does not believe that Petitioner's potential efficiency advantage is a "special factor"
22  meriting enhanced fees in this case.

23  Further, the Court is concerned that Petitioner has streamlined his practice perhaps too
24  much.  Apart from the hours calculation error, Petitioner represents to this Court that his "last

---

[1] *See* http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039. According to the Ninth Circuit, the 2010 rate is only for the first half of 2010, but the Ninth Circuit has not since published a rate for work in the second half of 2010.  The Court will therefore treat this rate as covering all of 2010.

- 2 -

request for enhancement [of attorneys fees] was in 2006." (Doc. 34 at 7 n.3.) This is not correct. Plaintiff's attorney requested enhanced fees in a separate case three months ago. *See Loveless v. Astrue*, 2:09-cv-00830-JWS, ECF #25 (filed Oct. 7, 2010). He also requested enhanced fees in 2009, 2008, and 2007. *See, e.g., Abrahamson v. Astrue*, 2:07-cv-01650-JAT, ECF #41 (filed June 24, 2009); *Wolff v. Astrue*. 2:06-cv-02821-ROS, ECF #37 (filed June 27, 2008); *Schroeder v. Astrue*, 2:06-cv-01420-HRH, ECF #38 (filed Jan. 14, 2008); *Torrez v. Astrue*, 2:06-cv-01178-MHB, ECF #40 (filed June 16, 2008); *Burggraff v. Barnhart*, 2:06-cv-00818-NVW, ECF #28 (filed Aug. 2, 2007).

The Court does not mean to suggest dishonesty. The Court presumes this was an oversight. Nonetheless, the Court will award fees at the current base rates of $172.24/hour for work done in 2009, and $174.64/hour for work done in 2010. The question is whether to grant fees for the 28.75 hours he claims or the 34.75 hours listed on his time statement. Although the Court would normally award fees only for the 28.75 hours claimed, the Commissioner agrees to an award of $6,058.06, which reflects Petitioner's actual time of 34.75 hours.[2] Accordingly, the Court will award the amount agreed to by the Commissioner.

The Supreme Court recently held that the fees awarded under the EAJA must be paid to the claimant, not the attorney. *Astrue v. Ratliff*, 130 S. Ct. 2521, 2524 (2010). Plaintiff's attorney acknowledges *Ratliff* but asks that fees be awarded to "Plaintiff, in care of Plaintiff's counsel . . . consistent with the contractual assignment of EAJA fees from Plaintiff to [counsel] [as evinced by the fee agreement attached as an exhibit]." (Doc. 34 at 8.) Whether the Commissioner wishes to award fees to Plaintiff directly or "in care of Plaintiff's counsel" is a matter this Court will leave to the Commissioner's discretion. Whether Plaintiff has assigned that award to her attorney is a matter for Plaintiff and her attorney to resolve.

IT IS THEREFORE ORDERED that the Application for Award of Attorneys' Fees Under the Equal Access to Justice Act (Doc. 34) is GRANTED to the extent stated in this order.

---

[2] $(4.45 \text{ hours in } 2009 \times \$172.24) + (30.3 \text{ hours in } 2010 \times \$174.64) = \$6,058.06.$

- 3 -

1  IT IS FURTHER ORDERED the Clerk enter judgment in favor of Plaintiff Gayle S. Barry in the amount of $6,058.06 against Defendant.

DATED this 10th day of March, 2011.

_____
Neil V. Wake
United States District Judge

- 4 -